IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KOFFI AMEYAPOH, | * |
|    Petitioner | * |
| v. | *   CIVIL ACTION NO. JKB-12-1805 |
| WARDEN WAYNE WEBB,[1] *et al.*, | * |
|    Respondents | * |
| | ****** |

### **MEMORANDUM OPINION**

On June 18, 2012, petitioner Koffi Ameyapoh filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his convictions for second-degree rape, sexual abuse of a minor and third-degree sexual offense entered in 2006. ECF No. 1. Respondents have filed a limited answer to the petition (ECF No. 5) and petitioner has replied (ECF Nos. 6 & 7), making this case ready for dispositive review. After examining these papers, the court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts; see also* 28 U.S.C. § 2254(e)(2). For the reasons that follow, the petition will be denied without prejudice as unexhausted.

### **Procedural History**

After a jury trial conducted on July 10-14, 2006, in the Circuit Court for Montgomery County, Ameyapoh was convicted of second-degree rape, sexual abuse of a minor and third-degree sexual offense. ECF No. 1, Exs. 1 & 2. On September 19, 2006, he was sentenced to a thirty-year prison term, with 15 years suspended, to be followed by three years' probation. *Id*. Petitioner's motion for reconsideration of sentence was denied on January 10, 2007. *Id.*

---

[1] The Clerk shall be directed to amend the docket to reflect the correct name of the Warden of MCI-H. *See* ECF Nos. 4 & 5.

Ameyapoh's conviction was affirmed by the Court of Special Appeals of Maryland on June 26, 2009, in an unreported opinion. *Id.*, Ex. 2. Ameyapoh's petition for certiorari was denied by the Court of Appeals of Maryland on September 14, 2009. *Id.*, Exs. 3 & 4.

Ameyapoh filed a petition for post-conviction relief in the circuit court on February 24, 2010. *Id.*, Ex. 1. No hearing has been held on the petition to date; however, a hearing is scheduled for October 23-24, 2012. *Id.*, Ex. 1.

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland, this may be accomplished either on direct appeal or in post-conviction proceedings. To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. *See* Md. Code Ann., Crim. Pro. Art., §§ 7-101 to 7-301 and § 7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See Sherman v. State*, 593 A.2d 670, 670-71 (Md. 1991). If, however, the application is granted but relief on the merits of the claim is denied, the petitioner must seek certiorari to the Court of Appeals. *See Grayson v. State,* 728 A.2d 1280, 84085 (1999). Ameyapoh has not completed post-conviction review and his petition here shall be dismissed without prejudice as unexhausted, to allow him to refile this case after completion of state remedies.

Ameyapoh is advised that the Antiterrorism and Effective Death Penalty Act of 1996 amended 28 U.S.C. § 2244 to impose a one-year filing deadline on state prisoners filing

applications for a writ of habeas corpus in federal court.[2]  Should he wish to refile this petition once he has exhausted his available state court remedies, Ameyapoh should take care not to miss this deadline.

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his motion.  *See* 28 U.S.C. § 2253(c)(1).  A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  *Id.* at § 2253(c)(2).  When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid clam of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001)

---

[2]This section provides:

>   (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>>   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>>   (B)   the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>>   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>>   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2)   the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

(quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)).  The court will not issue a COA because petitioner has not made the requisite showing.

    A separate order follows.

DATED this 19th day of September, 2012.

                                        BY THE COURT:

                                        _____/s/_____
                                        James K. Bredar
                                        United States District Judge